Lane v. 1199, SEIU. We have three questions which we are bringing to this panel this morning, secondary to this employment discrimination action. The simpler one is, is it an abuse of discretion to hold that the federal court has diversity jurisdiction in a case which commenced in the Bronx in which all of the defendants were located in the Bronx? Was it an abuse of discretion for the lower court to hold that a 55-year-old African-American female is not in a protected class? We believe that the union did not help her in her employment discrimination case because she was expensive. Tuition reimbursement for a 55-year-old and also age-related health concerns as a female reaches the age of 55. We also believe that the lower court abused its discretion in claiming that we do not have a conceivable cause of action against the union. We are not in possession of facts to clear the defects. All of those facts were contained in the application for a preliminary injunction which was simultaneously filed with a summons complaint and simultaneously removed to federal court by the union. This is an action which is— Let me be sure I understand this. Yes. Your initial claims were not a hybrid 301 claim. The district court, by construing your complaint liberally, sought to include that. What you had originally sued for was wage theft and constructive dismissal, right? Correct. Okay. So the district judge gave you the benefit of a liberal reading to see the 301 claim, the other claims you're not challenging, but concluded that you had not pleaded enough on the second element, the union's breach of the duty of unfair representation. Now tell us why you think that was an erroneous ruling. It was—we actually did not state a cause of action against the union. Our case was against Montefiore and still is against the Montefiore, and that has survived. Our issue with the order— It's your cause of action against the union. Right. The issue with the union was not the decision that we didn't state a cause of action against the union. It was that the court took it one step further and said that you don't have any conceivable cause of action against the union at all. We didn't assert one. The union were talking to us about arbitration at that time. What are you appealing? We are appealing an order of the Honorable Judge Furman which states that— Which dismisses what? Which dismisses— What are you appealing? Okay. There was a motion— What are you appealing? We're appealing an order which resolved a motion to dismiss of the union, dismissing our cases. They claimed hypothetical cause of action which we may assert— You're appealing the dismissal of the claim against the union. But we're appealing the part that says that we have no conceivable cause of action against the union, that Dawn Lane, a 55-year-old African-American female, is not in a protected class, and that there can be diversity jurisdiction when the— What is the conceivable cause of action set out in the complaint? The conceivable cause of action against the union would be—we did not state one against the union. The union were talking to us about taking over a defense at the time. They were talking about arbitration. You've said twice now that you did not state a claim against the union. Yes. Why are we here then? We're here because the—we would not be here if the lower court said, you don't have a cause of action against the union. It's against Montefiore. Go home. But the union took it one—the decision took it one step further, and the law of the case is hurting our case against Montefiore because it says that a 55-year-old African-American female is not in a protected class. It says that we have no conceivable cause of action against the union. If this is your concern, the district court's rulings against the union are not binding against your—in your claim against Montefiore. You voluntarily dismissed your claims against Montefiore because you failed to effect service. Yes, because we want to— So what was left here was what the court understood to be your claim against the union. If you're not—if you're not appealing the dismissal against the union, I agree with Judge Chin. I'm not sure what we've got here. Well, what we have is that the judge took it one step further and said that we don't have any conceivable cause of action against the union, and it went on to say that there is diversity jurisdiction in a case in which all of the defendants are located in the Bronx. We want to proceed against Montefiore in the Bronx State Supreme Court. We can't do that with a law of the case saying that the federal court has diversity jurisdiction. All of our cases are in state law claims. I don't know what you're complaining about. You acknowledged diversity jurisdiction below. That's in the record at page 109. Now you're arguing that it erred in concluding that it had diversity as well as federal question jurisdiction. But you're not disputing federal question jurisdiction, which is all we care about now. So we're not interested in whether or not there was or was not diversity jurisdiction here. There was jurisdiction. The issue against the union is that we believe that there is a conceivable cause of action, which we don't want an order saying that there isn't. And we did not assert the cause of action that the union said we asserted. They removed it to federal court and said, well, we think they could assert this against us. We didn't. And now we want to remove it because now we want to dismiss it because they didn't assert this thing that we're saying that. Well, what you argue in your brief, in your reply brief, is that you think you've got a claim for breach of contract against the union. Yes, we have a conceivable case in breach of contract. Let me ask my question. There's case law that the preemptive force of section 301 is so powerful that it displaces all claims substantially dependent on a collective bargaining agreement. So to that extent, I don't understand what your argument is here. Yes. Well, we're saying that she paid union Jews for 12 years. She was actively paying union Jews. She was a union card carrying member at the time that the union said, we're not going to represent you in your adverse employment situation against Montefiore. And they did it. Is that not preempted? Well, we're not we're not saying that on that potential case that the federal court shouldn't have jurisdiction. We're saying that the federal court couldn't say that we don't have a conceivable cause of action against them. She paid her Jews. She was paying her Jews at the time. She asked them for help. They said, oh, we might help you. And then they dragged it out. And then they, not only did they not represent her, but they hurt her in her case against Montefiore. That's a, that's a, that's a hybrid claim, right? And the district court said you didn't have it. And I'm not sure what you're appealing here. We're saying that we believe that there is a conceivable cause of action breach of contract against the union because they didn't represent her at all. They refused to represent her and they did it for arbitrary discriminatory and bad faith grounds because of her age. They didn't want to pay for her college tuition reimbursement. Are there any allegations in your complaint support that a decision was made with, because of her age? We have in the application for a preliminary injunction, we have her date of birth is 1962. We did say that it was based upon the age. The court never, never decided on our application for a preliminary injunction. The court gave you an opportunity to amend your pleading and that wasn't taken advantage of, right? It was my understanding that we were still in discussions with the union with regards to them taking over their defense. We did not get our decision on the motion to dismiss or the first motion to dismiss. There was no leave to amend granted with that. They just dismissed it with prejudice. You were granted leave to amend by the court after the union's motion to dismiss and you declined to do so. This was an automatic order that came in at the time that they file it as opposed to on our motion to dismiss. You're telling me facts. You're not telling me why the court was wrong to conclude that you had been granted leave to amend and you declined to do so. You never thereafter sought leave to amend. We, we did not believe that the court could say in a hypothetical that you're enjoined from suing the union on theories of liability that you never even raised. If you want to amend, the way to do it is to go to the district court and say, we'd like to amend the complaint. You never did that and you were, you had been urged to amend before. So to come to us and say you were somehow unfairly treated by not being granted leave to amend is something I'm having difficulty understanding. What am, what am I missing here? We believe that the court went too far in saying that not only are we going to dismiss the case, we didn't state a case against the union. We would have been fine with that, but it went further and said that you don't have any conceivable cause of action against the union. They didn't do that. They didn't do that. They didn't say that you have a conceivable cause of action against the union. They said you have no potential cause of action against the union. It was too broad brush and I believe it was an abuse of discretion. When you filed your complaint, who were the named defendants? It was Montefiore Hospital and it was 1199, the union. You were stating a claim against the union, whether you were stating one that could withstand dismissal was another claim, but they were named defendant from the start. With the intention of moving to conform the pleadings to the proof if they did not take over a defense, which they were discussing at the time. Once you file a complaint, you have represented to the court consistent with the federal rules that you have a good faith basis to sue that party. Yes, we did. If they did not. Don't stand before the court and tell us you were not filing a claim against the union. You named the defendant. No, I, I, I, I, I apologize if I misspoke. I meant that if the court dismissed the cause of action that we did file against the union is one thing, but the court dismissed the conceivable cause of action, which the defendant, the attorney for the union came up with and said that, well, this is what I think that they should sue us on. And this is why I think it should be dismissed. Let us make the claims that the court are going to say that is dismissed or not. Thank you. Good morning, your honors. My name is Richard Dorn representing the union, Appalee, uh, in light of the, uh, appellant's statement that she's really not suing the union, I don't know that I have much to say assuming that she's suing the union on a basis on the claim of discrimination. There was nothing in the complaint that would warrant such a claim. All that's in the complaint is that Ms. Lane is over the age of 40 and she's multicultural. Uh, there is nothing that states that the union did anything or didn't do anything relating to her age or race. In the court below, uh, she sued pursuant to the Wage Theft Prevention Act, uh, and the FLSA, and the court had obviously had federal jurisdiction over those claims based on either preemption or federal jurisdiction of, uh, the FLSA. Apparently now Ms. Lane has abandoned those claims because she doesn't state anything about them in her papers to this court. So the only claims that she could possibly have, although she really didn't set forth such claims in the court below, are either the discrimination claim, which is barred by the fact that Ms. Lane never filed a complaint against the union, either at the EEOC or the New York State Human Relations Division, and therefore hasn't exhausted her administrative remedies. And she also cannot really state the claim against the union for its breach of the duty of fair representation, which she didn't say anything about in the lower court until she submitted an affirmation in opposition to the union's motion to dismiss. And as Judge Furman noted, if you, if you're going to want to add new or additional claims, the proper procedure is to move to amend the complaint. And the plaintiff, uh, in the court below never moved, never took advantage of the opportunity which Judge Furman gave, uh, to amend the complaint. There is nothing in the complaint that sets forth any arbitrary, discriminatory, or bad-faith conduct by the union. And the union can only be found guilty of a breach of the duty of fair representation if it acts in an arbitrary, discriminatory, or bad-faith manner. And there's nothing, absolutely nothing in the complaint about that. And it is, the courts have held that there has to be, have to be some specific acts factually that allege that the union acted in such manners. And there is none here. I don't think I have anything more to say because I think, uh, it is clear from the complaint and the papers filed in this court that the plaintiff hasn't set forth a cause of action against the union and apparently she never intended to do so. So unless your honors have any questions, I have nothing, uh, further to say. Thank you. Clearwood. Um, your honors, at the same time as filing a summons complaint in this action, we filed an application for a preliminary injunction. That preliminary injunction in which Dawn Lane attempted to keep her job was, um, never ruled on by the district court judge and that provides a lot more information with regards to our, um, potential conceivable cause of action against the union. In the union, it shows her paychecks in which the union were taking money from her paychecks for 12 years. And it shows her work references, which were stellar. And it also shows that she was, um, asking the union for representation of her, asking them for help. And they were willing to take her money, but they were not willing to help her. When she was told that if she did not give up her tenure, her benefits, her tuition reimbursement and apply for per diem position that she would be terminated. She went to the union. She asked the union. She did everything she could with the union. The union led her on. They said that we can go to arbitration. We can do this. We'll work with you. Richard Doran spoke with me personally. We'll work with you. But it never happened. Instead, they removed the case to federal court on the basis of speculative theories, which we may have against the union, and then moved to dismiss it on the basis that we couldn't state a cause of action under these same speculations. So my concern here is the lower court order, while we are proceeding against Montefiore in the Bronx, our concern is that the lower court order sets a negative precedent saying that there is diversity jurisdiction in a case in which all of the defendants are located in the forum state court, which I believe is contrary to statute, regardless of what I may believe or not, upon looking at the statute, you don't have diversity jurisdiction if all of the defendants are located in the forum state. And I also believe that Ms. Lane was in a protected class as a 55-year-old African-American female. She is seated here in the courtroom to the left. And I further believe that it is an abuse of discretion to say that we don't have any conceivable cause of action when the court never even addressed her preliminary injunction, which has momentous records showing that we do have a conceivable cause of action against the union. They can't take money from people for 12 years and then throw out a woman like an old boot just because she's approaching menopause, or just because she was going through a divorce at the time, or just because they didn't want to pay for tuition reimbursement for somebody who doesn't have a long career path ahead of her by comparison to a 25-year-old. Again, I'm not here to appeal the fact that we didn't state a cause of action against the union. We were hoodwinked by the union. I'm stating that the court went a little bit too far in saying that we don't have diversity jurisdiction, in that they do have diversity jurisdiction in a case in which all of the defendants are located in the Bronx, the forum state. And I'm saying that it went too far in saying that a 55-year-old African-American female, all in the preliminary injunction application that we filed, which was never decided on. Okay, thank you, Your Honor. We're going to take the matter under advisement and try to get you a decision quickly. Thank you.